SADOWSKI, Administratrix, Respondent, vs. THOMAS FUR-
NACE COMPANY, Appellant.

*March 4—May 18, 1915.*

*Adverse witnesses: Impeachment: Master and servant: Death: Con-
tributory negligence: Questions for jury: Special verdict: Re-
fusal to submit proposed questions: Harmless errors: Excessive
damages.*

1. An adverse witness, called under sec. 4068, Stats., may be asked
   impeaching questions by the party calling him, for the purpose
   of showing that he previously made contradictory statements.

Sadowski v. Thomas Furnace Co. 161 Wis. 86.

2. In an action for death of a laborer caused by a mass of frozen iron ore rolling down from the top of a pile at the foot of which he was working, the evidence being conflicting as to whether he had been warned of the danger of working there and ordered to work in another place, the question of his contributory negligence was one for the jury.

3. A judgment for plaintiff having been reversed on a former appeal because of failure to submit certain questions to the jury, the rest of the special verdict not being regarded as improper, and such questions having been submitted on the second trial together with those submitted on the first, the refusal to submit other additional questions proposed by defendant is *held* not a prejudicial error.

4. For the death of a laborer thirty-two years of age who left surviving him a wife and three small children and whose income was about $1,000 per year, an award of $8,500 is *held* excessive and is reduced to $6,000. KERWIN, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Modified and affirmed.*

This is an appeal from a judgment in favor of the plaintiff for $8,500, which was entered on the following special verdict:

"(1) Did the defendant furnish to the deceased a place of employment as free from danger to life and safety as the nature of the employment would reasonably permit? A. No.

"(2) If you answer the foregoing question 'No,' then answer: Was such failure on the part of the employer the proximate cause of the death of the deceased? A. Yes.

"(3) Did the defendant adopt and use methods and processes reasonably adequate to render the employment and place of employment of the deceased safe? A. No.

"(4) If you answer the foregoing question 'No,' then answer: Was such failure on the part of the employer the proximate cause of the death of the deceased? A. Yes.

"(5) If you answer the first and third questions 'Yes,' then answer: Did the defendant do everything reasonably necessary to protect the life and safety of the deceased? A. ——.

"(6) If you answer the foregoing question 'No,' then an-

swer: Was such failure on the part of the employer the proximate cause of the death of the deceased? *A.* ——.

"(7) Was the death of the deceased proximately caused by the want of ordinary care of other employees of the defendant acting within the scope of their employment? *A.* Yes.

"(8) Did George Babic warn deceased of the dangers incident to the work deceased was engaged in at the ore pile? *A.* No.

"(9) Did George Babic direct deceased and Tapovich, on the afternoon of the day of the accident, to move from the place where they were working to another part of the ore pile? *A.* No.

"(10) If you answer the preceding question 'Yes,' then answer this question: If you have found that Babic directed deceased and Tapovich to move to another place, did deceased decline to do so and elect to continue working at the place where the frozen ore fell upon him? *A.* ——.

"(11) What sum will reasonably compensate the plaintiff for the pecuniary loss which she has sustained by reason of the death of the deceased. *A.* $8,500."

The case was here before. 157 Wis. 443, 146 N. W. 770. On the former appeal it was sent back for a new trial because of the failure of the trial court to submit to the jury the question as to warning, particularly as to decedent having been ordered to cease working in a particular place and go to another specified place where there was no danger. This court also on the former appeal and upon the evidence then before it found that a jury might place the recovery as low as $4,000, and further that a recovery on evidence similar to that before the court on the former appeal for more than $5,000 would be excessive.

For the appellant there was a brief by *Doe, Ballhorn & Wilkie,* and the cause was argued orally by *J. B. Doe* and *H. M. Wilkie.*

For the respondent there was a brief signed by *J. C. Kleczka* and *Glicksman, Gold & Corrigan,* and oral argument by *Mr. W. L. Gold* and *Mr. Kleczka.*

The following opinion was filed March 23, 1915:

KERWIN, J.   1. Error is assigned because it is said the court allowed the respondent to impeach his own witness called under the provisions of sec. 4068, Stats.   The argument of counsel for appellant is that, although the witness was called as an adverse witness, there is no authority under the statute to ask impeaching questions by showing that he previously made contradictory statements.   The following question was objected to and objection overruled:

"*Q.* Well, at the time that you were called as a witness on the former trial, was this question put to you and did you make this answer: *Q.* Now, at any time during that time, did you talk to the foreman about taking down this particular piece?   *A.* Yes, we did; we spoke to him between 9 and 10 in the morning time."

There was no error in the ruling.   *Depouw v. C. & N. W. R. Co.* 154 Wis. 610, 143 N. W. 654; *Adams v. Bucyrus Co.* 155 Wis. 70, 143 N. W. 1027.

2. Error is assigned because the court overruled appellant's motion for a directed verdict.   It is argued by counsel for appellant that the evidence is undisputed that the two men killed by the fall of the ore had their attention called to the danger, were warned, and ordered to work in another place; that contrary to such orders they continued in the dangerous place, and that the evidence shows as matter of law that they were guilty of contributory negligence.   On the part of the respondent it is argued that the evidence was conflicting and contradictory and that the question was properly for the jury. The evidence in support of each contention is set out at considerable length by respective counsel, and after a careful examination of the record we are satisfied that the question was for the jury, therefore the motion to direct a verdict for defendant was properly overruled.   Some claim is made by

counsel that the court below held that the question of the sufficiency of the evidence was foreclosed by the judgment on the former appeal, therefore that the court did not pass upon the sufficiency of the evidence on the present appeal. We do not so understand the record, but on the contrary we find that the court below did on the present appeal hold that there was evidence sufficient to carry the case to the jury, regardless of the holding when the case was here before.

3. It is also insisted that the court below erred in refusing to submit to the jury the following questions requested by appellant:

"(4) Before the accident, was the danger that lumps of frozen ore, large enough to cause bodily injury, might fall, open and obvious to a person of full age, ordinary intelligence, and the experience possessed by deceased?

"(5) Was any danger that frozen lumps of ore might fall upon deceased known to defendant and not known to deceased?

"(6) Was there any danger that frozen lumps might fall upon deceased, which defendant ought to have known, but which deceased in the exercise of ordinary care ought not to have known?"

When the case was here on former appeal the judgment was reversed because of failure to submit questions 8 and 9 now in the record. The balance of the verdict was not regarded improper, and on the last trial questions 8 and 9 were added by direction of this court. Upon the whole record we are satisfied that there was no prejudicial error in refusing to submit the questions requested.

4. Error is assigned on the charge and in refusal to grant a new trial. We find no prejudicial error in this regard aside from the question of whether the damages are excessive.

5. It is claimed that the damages are excessive. On the first trial the evidence tended to show that the income of deceased was about $425 per year, while on the last trial there was evidence sufficient to warrant the jury in finding that the income of deceased was about $1,000 per year. The writer

is of opinion that the damages are not excessive and should not be reduced, but the majority of the court think the damages should be reduced to $6,000.

*By the Court.*—The judgment is modified by reducing the damages to $6,000, and as so modified is affirmed as of the date of the judgment. No costs are allowed either party on this appeal, except that the respondent pay the clerk's fees in this court.

A motion for a rehearing was denied, with $25 costs, on May 18, 1915.